## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **ROBERT H. LEE** | **: CIVIL ACTION** |
| | : |
| **v.** | : |
| | **: NO. 14-6096** |
| **CITY OF PHILADELPHIA, et al.** | : |

## ORDER MEMORANDUM

**NOW,** this 25th day of March 2015, upon consideration of the *pro se* Complaint (ECF Doc. No. 1), Defendant Steenson's motion to dismiss (ECF Doc. Nos. 5, 7) and Opposition (ECF Doc. No. 6) and Defendant City of Philadelphia's motion to dismiss (ECF Doc. No. 9) and Opposition (ECF Doc. No. 11),

**IT** it is hereby **ORDERED** that Defendant City's Motion to Dismiss and Defendant Steenson's Motion to Dismiss are **GRANTED.** Plaintiff's Complaint is **DISMISSED.**

### *Facts plausibly alleged in Complaint.*

*Pro se* Plaintiff Robert Lee claims the City of Philadelphia ("City")'s police department violated his civil rights under 42 U.S.C. §1983 by failing to properly investigate a domestic dispute at his home. He also sues his former attorney, Derek Steenson, Esquire for failing to vigorously represent him during the police's investigation of the domestic dispute, thus allegedly breaching a fiduciary duty under Pennsylvania law.[1]

The matter arises from a police visit responding to Lee's call regarding a domestic dispute with his wife at his home. Lee, a former police officer, claims that the responding police officers did not properly investigate because they ordered him to leave the premises. (Complaint, ¶19, 21-22). Lee insisted that the police department commence an internal

---

[1] Plaintiff's complaint also mentions other state law claims which we do not reach.

investigation, which they did. (*Id.* at ¶24). Lee hired an attorney, Defendant Steenson, to represent his interest in the internal affairs investigation, but claims that Steenson, in conjunction with officers handling the questioning, failed to speak on his behalf. Lee sues Steenson for his silence claiming a breach of fiduciary duty under Pennsylvania law. (*Id.* at ¶¶25, 27). Lee asserts various state law claims against the City for breach of contract and civil conspiracy because the officers' conduct breached a prior settlement agreement between the City and him. [2]

### *Municipal liability under §1983 against City of Philadelphia*

The City may not be held liable for acts of its employees based on the principle of *repondeat superior*. *Monell v. New York Department of Social* Services, 463 U.S. 658, 690 (1978). Municipal liability may only be imposed under 42 U.S.C. §1983 "when the alleged constitutional transgression implements or executes a policy, regulation or decision officially adopted by the governing body or informally adopted by custom." *Wiley v. City of Philadelphia Police Dept.*, No. 12-5984, 2014 WL 2048187, *7 (E.D. Pa. May 19, 2014), *quoting Beck v. City of Pittsburgh*, 89 F.3d 966, 971 (3d Cir. 1996). A plaintiff can demonstrate a policy by showing that a decision-maker with final authority to establish the entity's policy issues an official proclamation, policy or edict. *Id., citing Mulholland v. County of Berks*, 706 F.3d 227, 237 (3d Cir. 2013). A custom may be established where officials' practices are so permanent and well-settled as to "virtually constitute law." *Id.; Monell, supra.* Lee's complaint contains no allegations of any policy or custom by the City that could give rise to liability; the allegations

---

[2] Lee, a former police officer, alleges that in 2010, he settled an employment discrimination lawsuit with the City and the City's current conduct constitutes a breach of its obligations to him under that agreement. (Complaint ¶13-18). He does not attach any agreement to the Complaint, nor does he allege with particularity any of its provisions which he claims were breached. In any event, as Lee's only federal claim must be dismissed, the Court declines to exercise supplemental jurisdiction over any state law claims for breach of a settlement agreement.

relate purely to his personal experience. Accordingly, he fails to state a claim under § 1983 against the City. *Knellinger v. York St. Prop. Dev., LP*, No. 14-4712, 2014 WL 5758007, *7 (E.D. Pa. Nov. 6, 2014); *Mason v. City of Phila.*, No. 13-5163, 2014 WL 4722640, *10 (E.D Pa. Sept. 22, 2014).

To plead a § 1983 violation, Lee also must allege facts sufficient to establish that the City deprived him of a right secured by the Constitution and/or by a law of the United States. *See Robb v. City of Philadelphia*, 733 F.2d 286, 290–91 (3d Cir.1984). It is beyond dispute that §1983 does not provide substantive rights. *Albright v. Oliver*, 510 U.S. 266, 271 (1994); *Green v. Chester Upland School Dist.*, No. 14-3685, 2015 WL 409569, *2 (E.D.Pa. Jan. 30, 2015). Lee does not allege that the City deprived him of any such right, which provides an additional basis for dismissal of Plaintiff's Complaint.[3] *Knellinger, supra* at *6 ("[W]ithout an underlying constitutional violation, there can be no *Monell* claim.).

### Conspiracy allegations

Lee also does not plead conspiracy between the City's police officers and his former attorney under either §1983 or state law. *Great W. Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 178-9 (3d Cir. 2010); *Thompson Coal Co. v. Pike Coal Co.*, 412 A.2d 466, 472 (Pa. 1979). Plaintiff's vague allegations do not support an inference of agreement to act in concert, nor do they establish any affirmative agreement or collusion between any of the

---

[3] For example, Lee alleges that the police forced him to show his driver's license, illegally evicted him, and filed a false police report identifying him, not his wife, as the offender. (Complaint, ¶¶ 21-23). Lee essentially asserts that the police took the wrong side in the domestic dispute. He filed a complaint with the police's internal affairs department. The department conducted an investigation and determined Lee's claims were unfounded. (Complaint, ¶24, 29). These facts do not state a claim of constitutional injury and cannot give rise to a §1983 claim against the City. *Jarrett v. Twp. Of Bensalem*, 312 F. App'x 505 (3d. Cir. 2009)(allegedly incorrect police report "fails to implicate constitutional rights."); *Sanders v. Downs*, 420 F. App'x 378, 383 (3d Cir. 2003)("[T]here is no constitutional right to the investigation or prosecution of another.").

3

individual police officers and Mr. Steenson, Lee's attorney, which deprived him of constitutionally protected rights. [4]

### *State law claims*

Having dismissed Plaintiff's claims under §1983, there is no basis for jurisdiction in this Court. The Court declines to exercise supplemental jurisdiction over Lee's state law claims for breach of fiduciary duty, breach of contract and conspiracy, and he may assert these claims in state court.

KEARNEY, J.

---

[4] Aside from failing to allege deprivation of a constitutional right, any conspiracy claim against the individual officers would also be subject to qualified immunity. "Qualified immunity ... gives government officials breathing room to make reasonable but mistaken judgments, and protects all but the plainly incompetent or those who knowingly violate the law." *Fiore v. City of Bethlehem,* 510 F. App'x 215, 219–20 (3d Cir.2013) (citing *Messerschmidt v. Millender,* 132 S.Ct. 1235, 1244 (2012)) (internal quotation marks and citations omitted).   The Court need not reach these issues as there is no viable claim against the police for deprivation of any Fourth Amendment right.